McMillan, judge.
From a denial of appellant’s pro se petition for writ of habeas corpus, without an evidentiary hearing on the merits, this appeal follows. For the reasons outlined below, this cause is remanded to the trial court, with instructions;
On April 9, 1985, appellant filed a petition for writ of habeas corpus alleging that “central records” is not accurately computing the time he must serve in the prison system. On May 15, 1985, the State of Alabama, by and through its assistant district attorney, filed a motion to dismiss and stated that the appellant’s “allegations have already been reviewed by this Honorable Court as evidenced by the order of dismissal dated 1-30-85, case number: CV-84-447.” No exhibits or other supporting documentation was filed with the State’s motion to dismiss. On May 15, 1985, however, the trial court entered an order dismissing appellant’s petition, without a hearing, and this appeal follows. Appellant asserts that the trial court’s dismissal of his petition was improper because the State failed to carry its burden and presented no *2 evidence sufficient to rebut the allegations of his petition.
On its response on appeal, the State of Alabama argues that because the issues contained in appellant’s present petition are “identical” to issues raised in a previous petition for writ of habeas corpus, the trial court’s dismissal was proper. In support of the State’s argument, photocopies of a previous petition for writ of habeas corpus and motion to dismiss, with exhibits, are attached to the State’s brief. According to the State’s brief, these photocopies prove that the questions raised by appellant’s petition have been previously decided adversely to the appellant. No motion was made, however, to supplement the record on appeal to include these “exhibits.” Since this court is required to consider only those matters which are a part of the record on appeal, we must conclude that these exhibits are not properly before this court on appeal. Additionally, not only are the exhibits attached to the State’s brief barely legible, so that it is difficult, if not impossible, to determine the contents of the earlier petition, but the exhibits are not duly certified and no order of the trial court is included.
Since the record on appeal appears to indicate that the State failed to carry its burden of proof and substantiate that the present petition for writ of habeas corpus could be properly considered a “successive petition” and subject to dismissal, this cause is remanded to the trial court, with instructions that the trial court enter an order which sets out those issues which were previously decided adversely to the appellant and the reasons for denying the present petition for writ of habeas corpus, without an evidentiary hearing on the merits. In the alternative, the trial court may wish to conduct an evidentiary hearing on this matter prior to its entry of an order, in which case, a transcript of the trial proceedings, as well as the trial court’s order, should be forwarded to this court for further consideration.
REMANDED WITH INSTRUCTIONS.
All the Judges concur.
ON RETURN TO REMAND
After this case was remanded to the trial court level, the State filed a response requesting that the appellant’s petition be dismissed. Attached to the State’s response were certified copies of documents which indicate that issues raised by the instant appeal have been previously decided adversely to this appellant. After considering this additional documentation, the trial court entered an extended order denying the relief requested by the appellant in his petition for writ of habeas corpus.
In its return to remand, the trial court has included a copy of its order on remand, which sets out with specificity the reasons for its original dismissal of the appellant’s petition for writ of habeas corpus. For the reasons set out in the trial court’s extended order on the return to remand, it is apparent that the appellant’s petition has no merit. Additionally, this court is not required to reconsider those issues which have previously been determined adversely to the appellant.
OPINION EXTENDED;
AFFIRMED.
All Judges concur.